ALAN G. LANCE
Attorney General
State of Idaho

MICHAEL A. HENDERSON
Deputy Attorney General
Chief, Criminal Law Division

L. LaMONT ANDERSON
KENNETH M. ROBINS
T. PAUL KRUEGER II
Deputy Attorneys General
Criminal Law Division
Capital Litigation Unit
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ORIGINAL

| | | |
|---|---|---|
| SALVADOR MARTINEZ, | ) | CASE NO. 97-CV-0169-S-EJL |
| | ) | |
| Petitioner, | ) | |
| | ) | STATEMENT OF MATERIAL |
| vs. | ) | FACTS IN SUPPORT OF |
| | ) | RESPONDENT'S MOTION FOR |
| JOE KLAUSER, Warden, Idaho | ) | SUMMARY JUDGMENT |
| State Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COMES NOW, the State of Idaho, Respondent in the above-captioned matter, appearing through Kenneth M. Robins, Deputy Attorney General for the State of Idaho, and hereby sets out the following material facts pursuant to Rule 56 of the Federal Rules of Civil Procedure and D.Id.L.Civ., Rule 56.1. These facts have been obtained from those documents previously lodged with this court pursuant to Rule 5 of the Rules Governing Section 2254 Cases. In support of its

4.      In December 1992, Martinez was transferred to an institution in the State of California to serve his Idaho sentences under the interstate compact. In the spring of 1994, a friend of Martinez retained an Idaho attorney to represent him. (Lodged R., Ex.12, p.2.) On June 21, 1995, while Martinez was confined in California, the Idaho attorney filed a post-conviction application under Idaho Code § 19-4901 *et seq.* (Lodged R., Ex.8, pp.3-23.) The application claimed that Martinez received ineffective assistance from the court-appointed attorney who represented him in the underlying criminal case. Id. The state post-conviction court issued a notice of intent to dismiss the application on the ground that the application was time-barred under the one-year statute of limitation in Idaho Code § 19-4902. (Lodged R., Ex.8, pp.34-37.) In response to the notice, Martinez raised several challenges to the statute of limitation and argued that its running had been tolled due to Martinez' out-of-state incarceration. (Lodged R., Ex.8, pp.66-81.) The state post-conviction court rejected these arguments and dismissed the application. (Lodged R., Ex.8. pp.86-88.)

5.      In his appeal to the Idaho appellate courts, Martinez raised the same challenges to the application of the one-year statute of limitation in Idaho Code § 19-4902. However, the briefing contains little, if any, discussion of the merits of Martinez' claims. Martinez' brief that was considered by the Idaho Court of Appeals mentions the substance of Mary Polizzo's testimony, but contains no discussion of this testimony in conjunction with Martinez' Sixth Amendment claims. (Lodged R., Ex.9, pp.18-19.) Martinez' brief in support of his petition for review to the Idaho Supreme Court contains no discussion of the merits of the substantive claims raised in Martinez' post-conviction application. (Lodged R., Ex.13 and 14.)

DATED this 15th day of July, 1999.

_____
KENNETH M. ROBINS
Deputy Attorney General
State of Idaho

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about the 15th day of July, 1999, I served a true and correct copy of the foregoing document, by causing a copy thereof to be placed in the United States Mail, postage prepaid, addressed to:

Andrew Parnes
Attorney at Law
P.O. Box 5988
Ketchum, ID 83340

_____
Kenneth M. Robins
Deputy Attorney General
State of Idaho