ALAN G. LANCE
Attorney General
State of Idaho

MICHAEL A. HENDERSON
Deputy Attorney General
Chief, Criminal Law Division

L. LaMONT ANDERSON
KENNETH M. ROBINS
T. PAUL KRUEGER II
Deputy Attorneys General
Criminal Law Division
Capital Litigation Unit
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400



**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SALVADOR MARTINEZ, | ) | CASE NO. 97-CV-0169-S-EJL |
| | ) | |
| Petitioner, | ) | |
| | ) | SUPPLEMENTAL BRIEF IN |
| vs. | ) | SUPPORT OF RESPONDENT'S |
| | ) | MOTION FOR SUMMARY |
| JOE KLAUSER, Warden, Idaho | ) | JUDGMENT |
| State Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COMES NOW Respondent (hereinafter the "State"), by and through Kenneth M. Robins, Deputy Attorney General, State of Idaho, and hereby presents the following facts, arguments, and authorities to supplement the previous authorities offered by the state in support of Respondent's Motion for Summary Judgment.

*SUPPLEMENTAL BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, Page 1*

I.

## Martinez's Claims are Procedurally-Defaulted Even Though the Idaho Courts Enforced a Shorter Limitation Period for Post-Conviction Relief

During oral argument on Respondent's Motion for Summary Judgment, this court observed that the factual scenario addressed by the Seventh Circuit in Barksdale v. Lane, 957 F.2d 379, 382-83 (7th Cir.), cert. denied, 113 S.Ct. 257 (1992), closely mirrors the operative facts in this case. The state submits that the Seventh Circuit's reasoning in Barksdale should govern this court's ruling on Respondent's Motion for Summary Judgment.

In Barksdale, the prisoner filed a post-conviction action in 1985, challenging his 1972 aggravated kidnapping and rape convictions. The state post-conviction court dismissed Barksdale's 1985 post-conviction petition as barred by the state's ten-year limitation on post-conviction actions. The limitation period originally was only five years, but was increased to twenty years in 1965 and then decreased to ten years effective January 1, 1984. Barksdale's appeals in the Illinois appellate court system were unsuccessful.

The Seventh Circuit explained standard governing independent and adequate procedural bars as follows:

> Failure to comply with state procedural rules, such as the statute of limitation involved in this case, provides an adequate basis for barring federal habeas relief "only if the state court acts in a consistent and principled way. A basis for decision applied infrequently, unexpectedly, or freakishly may be in adequate, for lack of notice and consistency may show that the state is discriminating against the federal rights asserted." [citation omitted]

Barksdale, 957 F.2d at 382. After reviewing Illinois court decisions retroactively applying newly enacted statutes of limitation to bar pre-existing causes of action, the Seventh Circuit held that retroactive enforcement of the amended statute of limitation did not create an inadequate state ground for barring federal review of

his post-conviction claims. 957 F.2d at 383. Although these decisions involved retroactive enforcement of statutes of limitation in non-criminal or non-post-conviction cases, the Seventh Circuit recognized these decisions were sufficient to place Barksdale on notice of the retroactive application of shortened statutes of limitation. Id.

Likewise, the Idaho cases provided ample notice that the Idaho courts would enforce amended statutes of limitation in a similar manner. See, University of Utah Hospital v. Pence, 104 Idaho 172, 174, 657 P.2d 469, 471 (1982) (court upheld a statute of limitation for medical indigency benefits that became effective subsequent to the admission and release of the patient from the hospital); Mellinger v. State, 113 Idaho 31, 34-35, 740 P.2d 73, 76-77 (Ct.App.1987) (court of appeals upheld a five-year period of limitation contained in a previous version of Idaho Code § 19-4902 applied to a conviction entered before the effective date of the amendment); LaFon v. State, 119 Idaho 387, 390, 807 P.2d 66, 69 (Ct.App.1991) ("Legislative reduction of a statutory period of limitation may apply to an accrued cause of action as long as a reasonable time is allowed within which to assert the cause.").

The court will also note that the Idaho courts have specifically rejected the approach of simply applying the statute of limitation that existed before the legislative amendment. In University of Utah Hospital v. Pence, supra, the appellant argued that the Idaho Supreme Court was required to apply the statute of limitation that existed before the legislative amendment in light of the court's decision in Cook v. Massey, 38 Idaho 264, 220 P. 1088 (1923). The court in University of Utah Hospital v. Pence, supra, specifically overruled Cook because it was based upon outdated California cases. 104 Idaho at 176, 657 P.2d at 473.

The existing case law and the statute provided Martinez with ample notice that Idaho statutes of limitation would be applied retroactively. The Seventh

SUPPLEMENTAL BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, Page 3

Circuit's opinion in Barksdale supports the conclusion that retroactive enforcement of the amended limitation period in Idaho Code § 19-4902 did not create an inadequate state ground barring federal habeas review by this court.

II.

Application of the Statute of Limitation After Tolling

In briefing and in argument, Martinez has argued that the Idaho Court of Appeals' application of the one-year statute of limitation after he regained access to the Idaho courts through his attorney was unexpected and therefore, inadequate. This argument should ring hollow with this court.

Idaho cases addressing the concept of tolling of statutes of limitation clearly contemplate the application of an existing statute of limitation once the reason for tolling of the statute has been removed as an obstacle to the assertion of a claim. This situation is analogous to those situations where a defendant may be estopped to rely on the statute of limitation if his statements or conduct caused the plaintiff to refrain from bringing the action during the limitation period. See, Theriault v. A. H. Robins Co., Inc., 108 Idaho 303, 307, 698 P.2d 365, 396 (1985). Equitable estoppel will toll application of the statute of limitation only for so long as plaintiff did not know and could not discover the truth. Mason v. Tucker and Associates, 125 Idaho 429, 433-34, 871 P.2d 846, 85-51 (Ct.App.1994) (citing, Zumwalt v. Stephan, et.al., 113 Idaho 882, 748 P.2d 406 (Ct.App.1987)). Although these cases do not involve application of the statute after equitable tolling because of out of state incarceration, the cases cited support the principle that the statute will be tolled only until the obstacle to the assertion of a litigant's claim has been removed.

Another federal circuit court has suggested that access to an attorney will cure any obstacle created by out of state incarceration. In Dulin v, Cook, 957

SUPPLEMENTAL BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, Page 4